# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | | |
|---|---|---|
| **MICHAEL C. HARDY,** | * | |
| *Plaintiff,* | * | |
| v. | * | **Civil Action: 13-2906** |
| **EXPERIAN DATA CORP.** | * | |
| 475 Anton Blvd. | | |
| Costa Mesa, CA 92626 | * | |
| Serve on: | * | |
| **The Corporation Trust Incorporated** | * | |
| **351 West Camden St.** | * | |
| Baltimore, MD 21201 | | |
| | * | |
| **and** | | |
| | * | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** | * | |
| 505 City Pkwy West | | |
| Orange, CA 92668 | * | |
| Serve on: | * | |
| **The Corporation Trust Incorporated** | * | |
| **351 West Camden St.** | * | |
| Baltimore, MD 21201 | | |
| | * | |
| **and** | | |
| | * | |
| **BANK OF AMERICA, NATIONAL ASSOCIATION** | * | |
| 100 North Tryon St. | | |

1

| | |
|---|---|
| **Charlotte, NC 28224** | * |
| **P.O. Box 982235** | |
| **El Paso, TX 79998-2235** | * |
| | * |
| Serve on: | * |
| | |
| **The Corporation Trust** | * |
| **Incorporated** | |
| **351 West Camden St.** | * |
| **Baltimore, MD 21201,** | |
| | * |
| *Defendants.* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Michael C. Hardy, (hereafter the "Plaintiff") by counsel, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act), 15 U.S.C. § 1666 (Federal Fair Credit Billing Act), and for the common law tort of defamation.

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3. The Plaintiff is a natural person and resident of the State of Maryland. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, EXPERIAN DATA CORP. and EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter collectively "Experian") are corporations incorporated under the laws of the State of Delaware and are authorized to do business in the State of Maryland.

5. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, BANK OF AMERICA, NATIONAL ASSOCIATION ("BoA") is a national bank, authorized to do business in the State of Maryland, as a consumer credit card lender.

8. On September 10, 2010, BoA caused a collection lawsuit to be filed against Plaintiff in the District Court of Maryland for Baltimore City seeking to recover a consumer debt in the amount of $12,428.88. On March 2, 2011, this lawsuit was dismissed by BoA pursuant to Md. Rule 3-506. Under this rule, the dismissal was with prejudice because it was entered after Michael C. Hardy had filed a notice of intention to defend.

9. On April 1, 2013, Plaintiff requested and received a copy of the credit file of the Plaintiff compiled and maintained by Experian (the "Experian credit report").

10. Within the Experian credit report, Experian reported that Plaintiff had opened and was responsible for the credit account with BoA, which account was charged-off and closed and had a derogatory payment history (the "BoA representation"). *See* **Exhibit 1** (excerpt of the Experian credit report showing the BoA representation).

11. The BoA representation was false because BoA's attempt to collect the alleged debt was unsuccessful and ultimately resulted in BoA's claim being dismissed, establishing conclusively that Plaintiff did not owe BoA any balance on the account.

12. On April 1, 2013, Plaintiff contacted BoA disputing the BoA representation and requested further information regarding same. *See* **Exhibit 2**.

13. BoA did not respond to Plaintiff's dispute letter.

14. On May 2, 2013, Plaintiff contacted Experian, provided a certified copy of the trial docket showing that the BoA claim had been dismissed, and requested that Experian verify and delete the erroneous Experian representation from his credit file. *See* **Exhibit 3**.

15. When no response was received, Plaintiff sent a second letter to Experian dated July 3, 2013, again providing a certified copy of the trial docket showing that the

BoA claim had been dismissed, and again requested that Experian verify and delete the erroneous Experian representation from his credit file. *See* **Exhibit 4**.

16. Experian responded by a report dated July 16, 2013. *See* **Exhibit 5** (excerpt of the Experian dispute report).

17. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the BoA representation.

18. In the alternative to the allegation that Experian failed to contact BoA, it is alleged that Experian did forward some notice of the dispute to BoA and BoA failed to conduct a lawful investigation.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681e(b) BY EXPERIAN

19. The Plaintiff realleges and incorporates paragraphs 1 through 18 above as if fully set out herein.

20. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

21. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and

embarrassment of credit denials. Specifically on August 30, 2013, Plaintiff was denied credit after making application for a Citibank credit card. The credit denial decision was based, in whole or in part, on information obtained in a report from Experian.

22. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

23. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681i BY EXPERIAN

24. Plaintiff realleges and incorporates paragraphs 1 through 23 above as if fully set out herein.

25. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to BoA; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

26. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials. Specifically on August 30, 2013, Plaintiff was denied credit after making application for a Citibank credit card. The credit denial decision was based, in whole or in part, on information obtained in a report from Experian.

27. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

28. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III
## DEFAMATION BY BoA

29. Plaintiff realleges and incorporates paragraphs 1 through 28 above as if fully set out herein.

30. BoA published the BoA representations to Experian and through Experian to all of Plaintiff's potential lenders on multiple occasions, including but not limited to the BoA response to Experian published just prior to April 1, 2013, and which formed the basis of the dispute letters to Experian and BoA (the "Defamation").

31. The Defamation was willful and with malice. BoA had actual knowledge that the Plaintiff was not legally responsible to pay any amount for the account reported in the BoA representation. BoA willfully determined to follow procedures which did not review, confirm or verify when collection lawsuits filed on its behalf had been dismissed with prejudice. Further, even if BoA would attempt to plead ignorance prior to July 2, 2013, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not legally obligated to pay any amount to BoA after the events previously alleged in this complaint.

32. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials. Specifically on August 30, 2013, Plaintiff was denied credit after making application for a Citibank credit card. The credit denial decision was based, in whole or in part, on information obtained in a report from Experian.

33. The Defamation, conduct and actions of BoA were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against BoA in an amount to be determined by the Court.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1681s-2(b) BY BoA

34. Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set out herein.

35. BoA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the BoA representation within Plaintiff's credit file with Experian without also including a notation that this debt was disputed; by omitting information that it had lost its collection lawsuit against the Plaintiff thereby rendering the reported information misleading; by failing to fully and properly investigate the Plaintiff's dispute of the BoA representation; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the BoA representation to the consumer reporting agencies.

36. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials. Specifically on August 30, 2013, Plaintiff was denied credit after making application for a Citibank credit card. The credit denial decision was based, in whole or in part, on information obtained in a report from Experian.

37. BoA's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

38. The Plaintiff is entitled to recover costs and attorney's fees from BoA in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT VI
## VIOLATION OF THE FCBA BY BoA

39. Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40. BoA violated the Federal Fair Credit Billing Act, 15 U.S.C. § 1666 ("FCBA") by its refusal and failure to respond to Plaintiff's written dispute letter mailed by sixty (60) days of receipt of **Exhibit 2** and for its failure to conduct a lawful investigation of Plaintiff's dispute.

41. As a result of BoA's violation of the FCBA, BoA is liable to Plaintiff for his actual and statutory damages and for his attorneys fees and cost pursuant to 15 U.S.C. § 1640.

WHEREFORE, Plaintiff, Michael C. Hardy, respectfully prays for a judgment against Defendants as follows:

    a. Actual damages sustained in an amount in excess of $75,000.00 or statutory damages of not less than $100 and not more than $1,000 for violations of the

FCRA;

   b. Such amount of punitive damages as the Court may allow for violations of the FCRA;

   c. Actual damages sustained in an amount in excess of $75,000.00 and statutory damages of not less than $500 and not more than $5,000 for violations of the FCBA;

   d. The costs of the action together with reasonably attorney's fees as determined by the Court;

   e. Such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

 Michael C. Hardy hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of statutory damages, punitive damages, attorney's fees and litigation costs.

Dated: October 2, 2013      Respectfully Submitted,

            /s/ E. David Hoskins_____
            E. David Hoskins, Esq. , No. 6705
            THE LAW OFFICES OF E. DAVID HOSKINS, LLC
            16 East Lombard Street, Suite 400
            Baltimore, Maryland 21202
            (410) 662-6500 (Tel.)
            dhoskins@hoskinslaw.com

/s/ *Max F. Brauer*
Max F. Brauer, Esq., No. 11306
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
*maxbrauer@hoskinslaw.com*